**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR WILLIAMS,<br><br>                Plaintiff,<br><br>v.<br><br>TOWNSHIP OF MONTCLAIR, et al.,<br><br>                Defendants. | Civil Action No: 16-4196 (SDW) (LDW)<br><br>**OPINION**<br><br><br>March 28, 2017 |

**WIGENTON**, District Judge.

    Before this Court is Defendants Essex County Prosecutor's Office, Magdalen Czykier, and John Anderson's (collectively, "the ECPO Defendants") Motion to Dismiss Plaintiff Omar Williams' ("Plaintiff" or "Williams") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

    Jurisdiction is proper pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

    For the reasons stated herein, the Motion to Dismiss is **GRANTED**.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action in the Superior Court of New Jersey, Essex County on April 6, 2016, while he was an inmate at Delaney Hall Detention Facility in Newark, New Jersey. (Dkt. No. 1 at 8.)[1] In his Complaint, Plaintiff alleges that on January 4, 2013 officers from the Montclair Police Department and Thomas Schmitt, a burglary victim, caused a criminal complaint and warrant to be issued for Plaintiff's arrest. (*Id*.) After Plaintiff was arrested and detained, the ECPO Defendants presented the criminal complaint to a grand jury, which indicted Plaintiff on one count of third degree burglary. (*Id*. at 8-9.) Following a trial by jury in Essex County Superior Court on March 21, 2014, Plaintiff was acquitted. (*Id*. at 8.)

Plaintiff's Complaint includes one count for false arrest, one count for false imprisonment, and one count for malicious prosecution pursuant to 42 U.S.C. § 1983. (*Id*. at 8-10.) In addition to the ECPO Defendants, Plaintiff names as his defendants the burglary victim, the Township of Montclair, the Montclair Police Department, and individual officers of the Montclair Police Department. (*Id*.) Plaintiff alleges the charges Defendants brought against him were false, lacked probable cause, and were brought with malice, willful misconduct, and unreasonable negligence. (*Id*.)

---

[1] For clarity, this Court will refer to the docket entry number and corresponding docket page number when citing to submissions filed on the Electronic Case Files system.

On July 12, 2016, the ECPO Defendants removed the action to this Court.[2] (Dkt. No. 1.) The ECPO Defendants then moved to dismiss Plaintiff's Complaint on November 25, 2016.[3] This Court has not received any submission in opposition to the Motion.

## II. **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

---

[2] The ECPO Defendants aver that on March 15, 2016, one unfiled courtesy copy of Plaintiff's Complaint was received by the Essex County Prosecutor's Office. (Dkt. No. 1 at 2.) However, the Complaint was not filed with the Essex County Superior Court until April 6, 2016, and the ECPO Defendants assert that they have still not been properly served. (*Id*. at 3.) This Court therefore considers this action to be timely removed.

[3] This Court notes that the ECPO Defendants' moving brief was not submitted in compliance with Local Civil Rule 7.2, which provides that "[a]ny brief shall include a table of contents and a table of authorities." L. CIV. R. 7.2(b). Defendants are advised to adhere to the Court's rules in future submissions.

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

### III.  DISCUSSION

This Court must dismiss Plaintiff's Complaint as to the ECPO Defendants because they are entitled to absolute prosecutorial immunity for alleged actions taken in the course of their duties as prosecutors. "Prosecutors are absolutely immune from liability in § 1983 suits brought against prosecutorial actions that are intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 428, 430 (1976)). These actions include applying for search warrants, presenting evidence at hearings, and seeking grand jury indictments. *See Burns v. Reed*, 500 U.S. 478, 492 (1991).

Prosecutors are also absolutely immune when deciding whether to initiate a prosecution, "even where [they act] without a good faith belief that any wrongdoing has occurred." *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992). Plaintiff has alleged no facts about the ECPO Defendants that fall outside the scope of their duties as prosecutors. Plaintiff's only allegations against the ECPO Defendants are that they presented charges to a grand jury, which lacked probable cause, and that the ECPO Defendants then maliciously prosecuted Plaintiff. These actions are immune from suit.

Plaintiff's Complaint is also time-barred because it was filed after the expiration of the applicable statute of limitations period. The statute of limitations for § 1983 actions in New Jersey is two years. *See Backof v. New Jersey State Police*, 92 F. App'x 852, 855 (3d Cir. 2004); *see also* N.J.S.A. § 2A:14–2. These claims accrue "when the plaintiff knew or should have known of the injury upon which his action is based." *Giles v. City of Philadelphia*, 542 F. App'x 121, 122–23 (3d Cir. 2013) (internal marks omitted).

Therefore, claims for false arrest – where the arrest was followed by criminal proceedings – begin to run at the time the claimant becomes detained pursuant to legal process. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Limitations begin to run against a claim for false imprisonment when the alleged false imprisonment ends. *Id*. at 389. Claims for malicious prosecution accrue once the criminal proceedings have terminated in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).

Although Plaintiff dated his Complaint March 10, 2016, it does not appear that he actually filed his Complaint in Essex County Superior Court until April 6, 2016, over two years after the statute of limitations began to run on all three of his claims. (*See* Dkt. No. 1 at 2.) Plaintiff has not opposed the instant motion or made any other showing that his Complaint was timely filed. This Court will therefore dismiss his claims as to all Defendants. [4]

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

/s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
Parties

---

[4] Because Plaintiff's Complaint is dismissed as untimely, this Court will not reach the merits of his claims. However, this Court notes that it does not appear that Plaintiff has properly served any of the Defendants named in his Complaint. (*See* Dkt. No. 1 at 2-4.) Plaintiff's Complaint is therefore also subject to dismissal as to all Defendants. *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").